JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-10097 MMM (RZx) | Date | March 9, 2012 |
| Title | *Federal National Mortgage Association v. Josefina Castaneda, et al.* | | |

Present: The Honorable **MARGARET M. MORROW**

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    **Order Granting Plaintiff's Motion to Remand Action to Los Angeles Superior Court for Lack of Subject Matter Jurisdiction[7]**

      Plaintiff Federal National Mortgage Association ("FNMA") filed this unlawful detainer action in Los Angeles Superior Court against defendant Josefina Castaneda and fictitious defendants on June 30, 2011.[1] On May 17, 2007, Castaneda allegedly executed a promissory note secured by a deed of trust on real property located at 21316 Island Avenue, Carson, California, 90745 ("the property").[2] Castaneda allegedly defaulted on the promissory note, and the trustee initiated foreclosure proceedings in accordance with California Civil Code § 2924 et seq.[3] On May 25, 2011, the property was sold to FNMA at a foreclosure sale.[4] A trustee's deed upon sale reflecting the sale to FNMA was recorded in Los Angeles County.[5]

      On June 21, 2011, FNMA allegedly served a notice to quit on Castaneda, requiring her to

---

[1] Removal, Docket No. 1 (Dec. 6, 2011), Exh. B ("Complaint") at 1.

[2] *Id.*, ¶¶ 2, 5.

[3] *Id.*, ¶¶ 6, 7.

[4] *Id.*, ¶ 8.

[5] *Id.*, ¶ 8; Complaint, Exh. 1.

deliver possession of the property within three days of service of the notice.[6] More than three days have passed, and Castaneda allegedly continues in possession of the property without FNMA's permission or consent.[7] FNMA seeks possession of the property as well as damages in the amount of $60 per day (the allegedly reasonable daily rental value) for each day from June 27, 2011 until Castaneda relinquishes the property.[8]

Castaneda filed a notice of removal on December 6, 2011, invoking the court's federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.[9] FNMA filed a motion to remand the case to Los Angeles Superior Court on January 6, 2012, alleging a lack of federal question jurisdiction.[10] Additionally, FNMA seeks sanctions against Castaneda under Rule 11.[11] Castaneda has not opposed the motion. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the matter appropriate for decision without oral argument and vacates the hearing scheduled for March 19, 2012. For the reasons discussed below, FNMA's motion to remand is granted.

## I. DISCUSSION

### A.  Legal Standards Governing Removal Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court may be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d

---

[6]*Id.*, ¶ 9; Complaint, Exh. 2.

[7]*Id.*, ¶¶ 11, 12.

[8]*Id.*, ¶ 12; *Id.* at 3.

[9]Removal, ¶¶ 14, 15.

[10]Motion to Remand ("Motion"), Docket No. 7 (Jan. 6, 2012), ¶ 3.

[11]*Id*, ¶ 7.

662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

      **B.**      **Defendant's Failure to File Timely Opposition**

Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." CA CD L.R. 7-12. As noted, Castaneda failed to oppose plaintiff's motion by the deadline set forth in the court's order,[12] and by the deadline established in the Local Rules. Under Rule 7-12, the court could grant plaintiff's motion on this basis alone. See *Cortez v. Hubbard*, No. CV 07-4556-GHK (MAN), 2008 WL 2156733, *1 (C.D. Cal. May 18, 2008) ("Petitioner has not filed an [o]pposition to the [m]otion and has not requested any further extension of time to do so. Pursuant to Local Rule 7-12, his failure to do so could be deemed to be consent to a grant of the [m]otion"); *Mack-University LLC v. Halstead*, No. SA CV 07-393 DOC (ANx), 2007 WL 4458823, *4 n. 4 (C.D. Cal. Sept. 25, 2007); *Ferrin v. Bias*, No. ED CV 02-535 RT (SGLx), 2003 WL 25588274, *1 n. 1 (C.D. Cal. Jan. 2, 2003). Nonetheless, the court reviews the merits of the motion below.

      **C.**      **Whether the Court Has Diversity Jurisdiction to Hear the Action**

FNMA does not challenge Castaneda's attempted invocation of diversity jurisdiction. However, federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue. See *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments," citing *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934)); see also *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996) (lack of subject matter jurisdiction may be raised at any time by either party or by the court *sua sponte*); *Thiara v. Kiernan*, No. C06-03503 MJJ, 2006 WL 3065568, *2 (N.D. Cal. Oct. 25, 2006) ("A district court has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits").

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

---

      [12]Minute Order Advancing Briefing Schedule on Motion to Remand, Docket No. 9 (Jan. 30, 2012) ("Any opposition by defendant is due on or before February 13, 2012").

In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e, all plaintiffs must have citizenship different than all defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996).  "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also *Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181 (2010).  While Casteneda alleges that FNMA's "state of incorporation is Columbia," which the court assumes means the District of Columbia, that allegation is insufficient to establish diversity absent allegations regarding the corporation's principal place of business.[13] Similarly, Casteneda asserts that she is a resident of California, but does not state her citizenship.[14] Allegations of residence are not adequate to establish diversity. See *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) ("allegations of residence are insufficient to establish diversity jurisdiction," citing *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996) (it is well settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit")).  See also *Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 774 (9th Cir. 1995) ("It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing,'" quoting *Mantin v. Broadcast Music, Inc.*, 244 F.2d 204, 206 (9th Cir.1957)).  Absent allegations regarding the citizenship of the parties, the court cannot determine whether this element of diversity jurisdiction is satisfied.[15]

Even if there were complete diversity of citizenship, however, Castaneda has not met her burden of demonstrating that the amount in controversy exceeds $75,000.  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'" *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (quoting *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 1000 (9th Cir. 2007)).  It is clear from information in the

---

[13]Removal, ¶ 15.  FNMA alleges that it is a corporation authorized to do business in California.  (Complaint, ¶ 1.)  This is not an allegation that its principal place of business is in California.

[14]*Id.*, ¶ 4.

[15]Furthermore, 28 U.S.C. § 1441(b) states: "Any . . . action [other than one involving a federal question] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." See *Apelian v. United States Shoe Corp.*, 664 F.Supp. 1370, 1371 (C.D. Cal. 1987) ("an action can be removed to federal court based on diversity of citizenship only if none of the defendants . . . are citizens of the state in which the federal court is located"); see also *Lewis*, 519 U.S. at 68 (in a case filed in state court over which "the federal district court [would have diversity jurisdiction] the defendant or defendants may remove the action to federal court, provided that no defendant 'is a citizen of the State in which such action is brought" (citations omitted)).  If Castaneda is a California citizen, as it appears she probably is, she cannot remove on the basis of diversity jurisdiction.

record that the amount in controversy does not meet the jurisdictional threshold.  FNMA seeks damages of $60 per day from June 27, 2011 for as long as Castaneda remains in possession.[16]  FNMA alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case.[17]  See CAL. CODE CIV. PROC. § 86 (classifying cases where the prayer is less than $ 25,000 as limited civil cases).  Because the complaint alleges an amount in controversy of less than $75,000, Casteneda must demonstrate to a legal certainty that the jurisdictional amount is met to avoid remand.

Castaneda contends that the amount in controversy exceeds $75,000 because the value of the property is $356,500.[18]  In an unlawful detainer action, however, the appropriate measure of damages is the amount sought in the complaint, not the value of the property.  *Federal Nat. Mortg. Ass'n v. Lemon*, No. CV 11–03948 DDP (FFMx), 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer action remains the amount sought in the complaint, not the value of the property itself"); see also *U.S. Bank Nat. Ass'n v. Marshall-Edward: Mikels*, No. C 11–4687 PJH, 2011 WL 5362082, *2 (N.D. Cal. Nov. 7, 2011) ("The complaint seeks restitution of the premises, damages in the amount of $50.00 per day from August 6, 2010, through the date that defendant remains in possession of the property, plus costs of suit.  The amount in controversy is not the assessed value or the sales value of the property, but rather the $50.00 per day that HSBC is seeking in damages.  Thus, if HSBC prevails against defendant in the unlawful detainer action, liability will not exceed $75,000.00"); *Skyline Vista Equities, LLC v. Henderson*, No. ED CV 11–1665 PA (AGRx), 2011 WL 5122616, *2 (C.D. Cal. Oct. 25, 2011) ("[T]he amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property").  Because Casteneda does not successfully rebut the allegations in the complaint regarding the amount in controversy, the court concludes that the jurisdictional threshold is not met.  See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional amount] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional amount], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied," citing *Gaus*, 980 F.2d at 566–67).

Accordingly, the court finds that there is no basis for exercising diversity jurisdiction over this action.

### D.     Whether the Court Has Federal Question Jurisdiction to Hear the Action

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Federal question jurisdiction is presumed absent unless defendant, as the party seeking to invoke the court's jurisdiction, shows that

---

[16] Complaint, ¶ 12.

[17] *Id*. at 1.

[18] Removal, ¶ 15.

plaintiff has either alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10. Since a defendant may remove a case under 28 U.S.C. § 1441(b) only if the claim could have been brought in federal court, the existence of removal jurisdiction must also be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The well-pleaded complaint rule makes plaintiff the "master of the claim" for purposes of removal jurisdiction. *Caterpillar, Inc.*, 482 U.S. at 392. Where a plaintiff could maintain claims under both federal and state law, therefore, plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 344 (9th Cir.1996).

For federal question jurisdiction to attach, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936). Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983). A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action. Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals*, 478 U.S. at 813.

Likewise, it is not enough for removal purposes that a federal question may arise during the litigation in connection with a defense or counterclaim. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*, 482 U.S. at 392. See also *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). See also *Taylor*, 481 U.S. at 63; *Gully*, 299 U.S. at 112 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action"). Thus, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd.*, 463

U.S. at 14.[19]

There is no federal question apparent on the face of FNMA's complaint, which alleges only an unlawful detainer cause of action.  See *Wells Fargo Bank v. Lapeen*, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law," citing *Wescom Credit Union v. Dudley*, No. CV 10–8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Financial v. Miin Sun Park*, No. EDCV 09-1660 PSG, 2009 WL 3157411, *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists").

Castaneda's notice of removal states that FNMA's complaint "necessarily raises issues under TILA [the federal Truth in Lending Act], RESPA [the Real Estate Settlement Procedures Act], and Code of Federal Regulations. . . ."[20]  She also argues that her due process and equal protection rights under the Fourteenth Amendment will be violated unless this case is heard in federal court.  These are federal defenses and, as stated, "a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint. . . ." *Franchise Tax Bd.*, 463 U.S. at 14.  Because FNMA's complaint does not present a federal question, the court does not have jurisdiction under 28 U.S.C. § 1331.

### E.   Plaintiff's Request for Attorneys' Fees

FNMA also appears to request attorneys' fees and costs, stating, "The request for an Award of Attorneys Fees, Costs and Sanctions is based on the following grounds . . . ."[21]  Thereafter, FNMA details the chronology of its efforts to secure possession of the property, arguing that defendant's removal was "nothing more than yet another bad faith maneuver and abuse of Court processes to continue to have a free ride in [her] possession of the Property and to stall a lawful eviction. . . ."[22]  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Whether or not to award attorney fees pursuant to § 1447(c) is a matter within the district court's

---

[19] Consequently, had the counterclaim that defendant filed on February 28, 2012 alleged federal causes of action, this would not have provided a basis for exercising jurisdiction over this case.  In fact, however, the counterclaim pleads only state law causes of action.

[20] Removal, ¶ 11.

[21] Motion, ¶ 7.

[22] *Id.*, ¶ 7(k).

discretion, which should "be exercised based upon the nature of the removal and the nature of the remand." *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) (internal citation omitted); see also *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995) ("Congress has unambiguously left the award of fees to the discretion of the district court"). Where a removal is not objectively reasonable or frivolous, it is appropriate to award fees. See *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 711 (2005) ("In light of these large objectives, the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal").

Given the court's analysis above, it concludes that the removal was objectively unreasonable. The court nontheless notes defendant's *pro se* status, the fact that she has lost her home, and the fact that she has filed for bankruptcy protection. While financial hardship and/or indigency do not preclude an award of fees or costs against a party in defendant's position, "a district court may deny costs based on indigency." *Whitfield v. Scully*, 241 F.3d 264, 273 (2d Cir. 2001). As the awarding of fees under § 1447(c) is discretionary, see *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005) (noting that a fee award under § 1447(c) is "left to the district court's discretion"); *Dall v. Albertson's Inc.*, 349 Fed. Appx. 158, 160 (9th Cir. Oct. 16, 2009) (Unpub. Disp.) ("the district court may, in its discretion, award attorney\'s fees 'incurred as a result of the removal'"), the court declines to exercise its discretion to award fees under these circumstances.[23]

## II. CONCLUSION

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. Here, Castaneda has failed to carry this burden. Her notice of removal fails allege an amount in controversy exceeding $75,000, fails to allege the citizenship of the parties, and fails to identify a federal question raised by the complaint. For the reasons stated, the clerk is directed to remand this case to Los Angeles Superior Court forthwith. FNMA's request for attorneys' fees is denied.

---

[23]FNMA, moreover, provides no information regarding the fees it has incurred seeking remand of the action.